Kevin S. Reed (OBN #160574)
  ksreed@uoregon.edu
Douglas Y.S. Park (OBN #980904)
  dougpark@uoregon.edu
Jessica Price (OBN #182104) (*LR 83-4 pending*)
  jgprice@uoregon.edu
University of Oregon
Office of General Counsel
1226 University of Oregon
Eugene, OR  97403
Phone: (541) 346-3082

GIBSON, DUNN & CRUTCHER LLP

Theodore B. Olson (*pro hac vice forthcoming*)
  tolson@gibsondunn.com
Matthew D. McGill (*pro hac vice forthcoming*)
  mmcgill@gibsondunn.com
Joshua Wesneski (*pro hac vice forthcoming*)
  jwesneski@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306
Phone: (202) 955-8500

Alexander H. Southwell (*pro hac vice forthcoming*)
  asouthwell@gibsondunn.com
Oliver Fong (*pro hac vice forthcoming*)
  ofong@gibsondunn.com
200 Park Avenue
New York, NY  10166-0193
Phone: (212) 351-4000

*Attorneys for Plaintiffs*

Rebecca Gose (OBN #105712)
  rebecca.gose@oregonstate.edu
Julie Penry (OBN #053440)
  julie.penry@oregonstate.edu
Whitney Hill (OBN #093849)
  whitney.hill@oregonstate.edu
(*Special Admission as Government Attorneys pending*)
Oregon State University
Office of the General Counsel
630 Kerr Admin Bldg
Corvallis, OR  97331
Phone: (541) 737-2474

GIBSON, DUNN & CRUTCHER LLP

Debra Wong Yang (*pro hac vice forthcoming*)
  dwongyang@gibsondunn.com
Ethan Dettmer (*pro hac vice forthcoming*)
  edettmer@gibsondunn.com
Theane Evangelis (*pro hac vice forthcoming*)
  tevangelis@gibsondunn.com
Chelsea Mae Thomas (*pro hac vice forthcoming*)
  cthomas@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Phone: (213) 229-7000

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNIVERSITY OF OREGON; OREGON STATE UNIVERSITY; UNIVERSITY OF SOUTHERN CALIFORNIA; ARIZONA STATE UNIVERSITY; CALIFORNIA INSTITUTE OF TECHNOLOGY; CHAPMAN UNIVERSITY; CLAREMONT MCKENNA COLLEGE; NORTHERN | Case No.  6:20-cv-01127-MK<br><br>PLAINTIFFS' MOTION FOR EXPEDITED BRIEFING AND DISCOVERY |

Plaintiffs' Motion to Expedite

ARIZONA UNIVERSITY; PITZER COLLEGE; POMONA COLLEGE; PRESIDENT AND BOARD OF TRUSTEES OF SANTA CLARA COLLEGE; SCRIPPS COLLEGE; SEATTLE UNIVERSITY; STANFORD UNIVERSITY; SAINT MARY'S COLLEGE OF CALIFORNIA; UNIVERSITY OF ARIZONA; UNIVERSITY OF THE PACIFIC; UNIVERSITY OF SAN DIEGO; UNIVERSITY OF SAN FRANCISCO; and UNIVERSITY OF UTAH,

                              Plaintiffs,

    v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; CHAD F. WOLF, in his official capacity as Acting Secretary of the United States Department of Homeland Security; and MATTHEW ALBENCE, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement,

                              Defendants.

Plaintiffs' Motion to Expedite

**LR 7-1(A) CONFERRAL CERTIFICATION**

In compliance with Local Rule 7-1(a), undersigned counsel have made reasonable efforts to confer with defendants to resolve the dispute presented in this motion but have been unable to do so.

**MOTION FOR EXPEDITED BRIEFING AND DISCOVERY**

In response to the COVID-19 pandemic, United States Immigration and Customs Enforcement ("ICE") in March 2020 issued guidance exempting certain international students with nonimmigrant student visas—F-1 visas—from the requirement that they attend most of their classes in person. However, on July 6, with the pandemic still raging and without warning, ICE inexplicably rescinded that exemption, with dire consequences for Plaintiffs and for their international students. Students with F-1 status whose schools have implemented a fully online curriculum must depart the country, and those who are already abroad may not reenter. Plaintiffs, meanwhile, are scrambling to attempt to provide in-person courses for all of their F-1 students to prevent those students from being subject to immediate deportation. ICE also required entirely online schools to submit an "operational change plan" by July 15, 2020, and schools with hybrid programs to submit plans by August 1, 2020. Moreover, schools with hybrid programs must reissue immigration forms to thousands of students just weeks after enrollment ends (and sometimes, even before enrollment ends).

On July 13, 2020, contemporaneously with this Motion, Plaintiffs filed a Motion for a Temporary Restraining Order and Preliminary Injunction and a Motion for Summary Judgment, seeking to stay the effectiveness of the July 6 order and a ruling that the order violated the Administrative Procedure Act ("APA"). This request is urgent, given the ongoing pandemic, imminent government-mandated deadlines, and upcoming start to the fall semester.

Based on these considerations and pursuant to Local Rule 7-1(f), Plaintiffs are now moving for an Order setting an expedited briefing schedule on their pending Motion for Summary Judgment and allowing the expedited production of the administrative record regarding the promulgation of the July 6 order. Plaintiffs seek expedited briefing and discovery to ensure that their claims can be heard in time to obtain a final resolution in this matter well in advance of the fall semester.

## MEMORANDUM IN SUPPORT

**I.    Background**

On March 13, 2020, President Donald Trump declared a national state of emergency due to the COVID-19 pandemic. That same day, in response to the pandemic, ICE issued guidance exempting international F-1 students from the preexisting rule that they must attend most classes in person. ICE made clear that this arrangement was "in effect for the duration of the emergency." U.S. Immigration and Customs Enforcement, COVID-19: Guidance for SEVP Stakeholders (Mar. 13, 2020), https://bit.ly/2BUnXWH. On July 6, 2020, ICE announced it was rescinding the COVID-19 exemption. It required schools offering classes entirely online to submit an "operational change plan" no later than Wednesday, July 15, 2020, only nine days after the announcement, and required schools offering a hybrid model of classes to provide a plan by August 1. It also required schools offering a hybrid model of classes to issue a new Form I-20 for each of these students by August 4, 2020, certifying that they were taking the minimum number of online classes required to make normal progress in their degree program. Plaintiffs filed this action and their Motion for Temporary Restraining Order and Preliminary Injunction and Motion for Summary Judgment seeking immediate relief under the APA to prevent ICE's July 6 Order from taking effect.

## II.     Discussion

Allowing the July 6 Order to take effect would require students with F-1 status whose school curricula are entirely online due to COVID-19 to depart the country, and would bar students already outside the country from reentering. It would also require Plaintiffs to, within a matter of days or weeks, abandon plans developed over months in response to the pandemic and nationally and locally declared states of emergency, or cause thousands of international students to depart the country. And on top of that, Plaintiffs will devote substantial resources to complying with ICE's expedited deadlines for the submission of operational plans and immigration forms.

This Court should order the briefing on Plaintiffs' Motion for Summary Judgment to proceed on an expedited basis to permit an final judgment as soon as practicable. *See* L.R. 7-1(f). ICE issued its order mere weeks before the fall semester is set to begin, and allowed schools between nine and twenty-nine days to undertake extensive and burdensome action. Schools, including Plaintiffs, were given no time to consider or plan for this change in policy, which is ostensibly effective immediately. Given the immediacy of the harm to both schools and students, the ongoing pandemic, and the imminent deadlines schools and students must comply with, expedited resolution of this action is warranted.

Moreover, final resolution of this matter is preferable to mere interim relief. Even if the Court enters temporary injunctive relief, that relief may be lifted or vacated on appeal for reasons unrelated to the merits of the action, and Plaintiffs will once again be left with little time to adapt their academic schedules to accommodate the needs of the thousands of individual students affected by the July Order. Thus, even if the Court grants Plaintiffs' concurrently filed Motion for Temporary Restraining Order and Preliminary Injunction, it is still appropriate to expedite briefing on Plaintiffs' Motion for Summary Judgment.

Expedited briefing will also require the production of the administrative record as soon as possible. This court has wide discretion to expedite discovery. *See* Fed. R. Civ. P. 26(d)(1) (court may order discovery before Rule 26(f) conference); *see also Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (noting "courts may permit expedited discovery before the Rule 26(f) conference upon a showing of good cause" (internal quotation marks omitted)). Here, good cause exists because the narrow discovery requested—production of the administrative record—is necessary to the proper resolution of Plaintiffs' Motion for Summary Judgment. Moreover, there is little burden on the government because the information requested is solely within the government's possession, and should be available for prompt production. Thus, expedited production of the administrative record is justified.

## CONCLUSION

For the foregoing reasons, the plaintiffs respectfully request that this Court issue an order:

A. Granting their Motion for Expedited Briefing and Discovery;

B. Ordering Defendants to file their response to Plaintiffs' Motion for Summary Judgment and the administrative record within 7 days after service;

C. Scheduling an expedited hearing on this matter as soon as the court's calendar permits;

D. In the alternative, scheduling an expedited scheduling conference in this matter; and

E. Granting such further relief as the court deems just and equitable.

DATED:  July 13, 2020

GIBSON, DUNN & CRUTCHER LLP

Debra Wong Yang (*pro hac vice forthcoming*)
  dwongyang@gibsondunn.com
Ethan Dettmer (*pro hac vice forthcoming*)
  edettmer@gibsondunn.com
Theane Evangelis (*pro hac vice forthcoming*)
  tevangelis@gibsondunn.com
Chelsea Mae Thomas (*pro hac vice forthcoming*)
  cthomas@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Phone: (213) 229-7000

Theodore B. Olson (*pro hac vice forthcoming*)
  tolson@gibsondunn.com
Matthew D. McGill (*pro hac vice forthcoming*)
  mmcgill@gibsondunn.com
Joshua Wesneski (*pro hac vice forthcoming*)
  jwesneski@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306
Phone: (202) 955-8500

Alexander H. Southwell (*pro hac vice forthcoming*)
  asouthwell@gibsondunn.com
Oliver Fong (*pro hac vice forthcoming*)
  ofong@gibsondunn.com
200 Park Avenue
New York, NY  10166-0193
Phone: (212) 351-4000

*Attorneys for Plaintiffs*

 /s/ *Kevin S. Reed*

Kevin S. Reed (OBN #160574)
  ksreed@uoregon.edu
Douglas Y.S. Park (OBN #980904)
  dougpark@uoregon.edu
Jessica Price (OBN #182104) (*LR 83-4 pending*)
  jgprice@uoregon.edu
University of Oregon
Office of General Counsel
1226 University of Oregon
Eugene, OR  97403
Phone: (541) 346-3082

Rebecca Gose (OBN #105712)
  rebecca.gose@oregonstate.edu
Julie Penry (OBN #053440)
  julie.penry@oregonstate.edu
Whitney Hill (OBN 093849)
  whitney.hill@oregonstate.edu
(*Special Admission as Government Attorneys pending*)
Oregon State University
Office of the General Counsel
630 Kerr Admin Bldg
Corvallis, OR  97331
Phone: (541) 737-2474

Beong-Soo Kim (*pro hac vice forthcoming*)
  bkim@usc.edu
Laurie Barnes (*pro hac vice forthcoming*)
  lbarnes@usc.edu
Andreas Meyer (*pro hac vice forthcoming*)
  andreasm@usc.edu
University of Southern California
Office of the General Counsel
3551 Trousdale Parkway, ADM 352
Los Angeles, CA  90089-5013

*Attorneys for Plaintiffs*

## Certificate of Service

I hereby certify that this document has been filed through the Court's ECF system and will be sent electronically to the registered participants. This document is being sent by express mail to the Defendants at the addresses below and by email.

United States Department of Homeland Security
2707 Martin Luther King Jr. Ave., S.E.
Washington, D.C.  20528

United States Immigration and Customs Enforcement
500 12th St., S.W.
Washington, D.C.  20536

Chad F. Wolf
Acting Secretary of Homeland Security
United States Department of Homeland Security
2707 Martin Luther King Jr. Ave., S.E.
Washington, D.C.  20528

Matthew Albence
Acting Director of United States Immigration and Customs Enforcement
United States Immigration and Customs Enforcement
500 12th St., S.W.
Washington, D.C.  20536


DATED:  July 13, 2020               /s/ *Kevin S. Reed*
                                    Kevin S. Reed (OBN #160574)

                                    *Attorney for Plaintiffs*